UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRE J. MURRAY,

    Plaintiff,

v.                                    CASE No. 8:11-CV-1535-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claim for supplemental security income payments.[*] Because the decision of the Commissioner of Social Security is not supported by substantial evidence, the Commissioner's decision will be reversed and the matter remanded for further proceedings.

I.

The plaintiff, who was thirty-seven years old at the time of the administrative hearing and who has the equivalent of a high school education, has worked previously as a material handler (Tr. 31, 32, 48). He filed a claim

---

[*] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

for supplemental security income payments, alleging that he became disabled due to mental problems (Tr. 162). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of major depressive disorder, severe with psychotic features, and polysubstance dependence (Tr. 16). The law judge determined that, absent polysubstance abuse, the plaintiff retained the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations (Tr. 17-18):

> [H]e is limited to low stress jobs only, defined as few changes in the workplace and occasional simple decision-making; he is limited to simple, repetitive tasks only; and he is limited to occasional contact with the general public and co-workers.

The law judge concluded that these limitations prevented the plaintiff from performing past work (Tr. 20). However, purportedly based on the testimony of a vocational expert, the law judge concluded that there are jobs that exist in significant numbers in the national economy that the plaintiff can perform, such as cleaner, sorter of agricultural produce, and garment sorter (Tr. 20,

21). Consequently, the law judge found that the plaintiff was not disabled (Tr. 21). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact

made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff argues that the law judge's finding that he is not disabled because he could perform other jobs in the economy, such as cleaner, agricultural produce sorter, and garment sorter, is not supported by substantial evidence (Doc. 23, p. 5). This argument has merit.

The law judge purported to base his finding that the plaintiff could perform the jobs of cleaner, agricultural produce sorter, and garment sorter on the testimony of a vocational expert (Tr. 21). "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." <u>Winschel</u> v. <u>Commissioner of Social Security</u>, 631 F.3d 1176, 1180 (11th Cir. 2011). In other words, the plaintiff's residual functional capacity and the hypothetical question must match.

In this case, the law judge's hypothetical question that elicited the vocational expert's responses of cleaner, agricultural produce sorter, and garment sorter assumed a residual functional capacity to perform "low-stress jobs only, defined as few changes in the workplace and only occasional simple decision making; occasional contact with the general public; and simple repetitive tasks only" (Tr. 48-49). As the plaintiff points out, it did not

include a limitation to occasional contact with co-workers (Doc. 23, p. 5), despite the law judge's finding in the residual functional capacity that he was limited in this regard (Tr. 17-18). Because the law judge relied on the vocational expert's response to a hypothetical that failed to include all of the plaintiff's impairments, that testimony is not substantial evidence to support the law judge's conclusion that the plaintiff is not disabled. See Winschel v. Commissioner of Social Security, supra.

The Commissioner argues that this is a harmless error because the record contains evidence of jobs in the national economy that the plaintiff could perform with a limitation to occasional contact with co-workers (Doc. 24, pp. 4-5). In this regard, the Commissioner notes the vocational expert's response to the law judge's second hypothetical question, which included a limitation to occasional contact with co-workers (id., p. 5; see Tr. 50-53). The vocational expert said that such an individual could perform the jobs of stock checker, small products assembler, and carton packer (Tr. 50-53). The Commissioner therefore argues that the law judge meant to cite the vocational expert's response to the second hypothetical question in his decision, and his citation to the vocational expert's response to the first hypothetical question was merely a "harmless transcription error" (see Doc. 24, p. 5).

However, the law judge's mistake cannot be excused on the ground that this was a mere "transcription error." See Dial v. Commissioner of Social Security, 403 Fed. Appx. 420 (11th Cir. 2010). Here, the error is a fundamental factual finding regarding the plaintiff's capability to perform jobs in the economy, which is dispositive of the legal determination that the plaintiff is not disabled. Therefore, this is not a harmless error. Id.

Furthermore, a court "'may not supply a reasoned basis for [an] agency's action that the agency itself has not given....'" Dixon v. Astrue, 312 Fed. Appx. 226, 229 (11th Cir. 2009). In Dixon, the law judge erred in finding that the plaintiff could return to past work because it required exertional effort greater than her residual functional capacity. The Commissioner argued, similar to this case, that the error was harmless because the record included evidence from a vocational expert that the plaintiff could perform other jobs in the national economy. In rejecting this contention, the Eleventh Circuit stated that the court may not make factual determinations, and noted that the law judge had not even referred in his decision to the evidence the Commissioner was attempting to rely upon. Id. at 229.

Similarly, in this case, the law judge does not mention in his decision the jobs of stock checker, small products assembler, or carton packager, yet the Commissioner essentially requests the court to rewrite the law judge's findings in this regard by affirming the decision on the basis that the plaintiff could perform those jobs. The Commissioner has failed to cite any legal authority that the court is authorized to do that.

Moreover, the court of appeals indicated in McDaniel v. Bowen, 800 F.2d 1026 (11th Cir. 1986), that such an approach would be improper. In McDaniel, the law judge used an erroneous legal standard for determining whether an impairment was severe or non-severe. The Secretary of Health and Human Services urged the court to apply the correct standard and affirm. The court, however, resisted the temptation to decide the issue itself. It explained that, "[e]ven though motivated by a desire to reduce the Secretary's caseload, it would be an affront to the administrative process to engage in direct fact finding in these Social Security disability cases." Id. at 1032. Under the statutory scheme, it is the responsibility of the Commissioner in administrative proceedings to make the findings that will correct the law judge's mistake.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby **REVERSED**, and the matter is **REMANDED** for further consideration. The Clerk shall enter judgment in accordance with this Order and close this case.

DONE and ORDERED at Tampa, Florida, this 18th day of July, 2012.

*/s/ Thomas G. Wilson*
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE